## THOMAS ELLIOT, appellant *v.* WILLIAM SNEED, appellee.

### *Appeal from Clay.*

A constable who has collected an execution issued upon a judgment recovered in a suit by attachment, and paid the money over upon the order of the plaintiff in the attachment, is not liable to an action by the attachment debtor—after the reversal of such judgment on appeal—for the money so collected and paid over. Nor is he liable to a garnishee of whom he has collected money on such execution.

Where a constable collected money upon a judgment obtained by W. against R., before a justice of the peace, and paid the same to G., upon the order of E., to whom the judgment was assigned; and afterwards the judgment was reversed on appeal, and the constable paid the money back which he had collected of R.: *Held* that E., the assignee of the judgment, was not liable to refund the money to the constable; W. alone being liable.

*Semble,* That where a judgment is assigned, execution should issue in the name of the assignor. The assignment does not change the form of the execution, or the parties to it.

Where a constable collected money on an execution issued upon a judgment which was afterwards reversed, and paid the same over, upon the order of the plaintiff; and after the reversal of the judgment, the constable paid back the money to the defendant: *Held* that the constable might maintain an action against the plaintiff, for money paid to his use.

THIS cause was tried at the August term, 1837, of the Clay Circuit Court, before the Hon. Justin Harlan. Judgment was rendered for the appellee, for $25 and costs, from which an appeal was taken to this Court.

O. B. FICKLIN, for the appellant.

A. C. FRENCH, for the appellee.

(1) Acts of 1835, 153; Gale's Stat. 182.

2R

WILSON, Chief Justice, delivered the opinion of the Court:

This cause is submitted upon the following facts:—Hugh Ronalds commenced a suit against Thomas Elliot, before James L. Wickersham, a justice of the peace of Clay county, and recovered judgment against said Elliot. Wickersham being indebted to Elliot, entered up satisfaction of the judgment. Ronalds sued out of the Circuit Court a *writ of mandamus* to compel the said justice, Wickersham, to issue an execution against said Elliot. Wickersham thereupon issued an execution against Elliot, and put the same into the hands of Nathaniel Duff, constable of said county, who collected the money thereon. Wickersham then sued out an attachment against Ronalds, and garnisheed said constable, Duff. The writ of attachment went into the hands of said plaintiff, Sneed, who also was an acting constable, and who was surety for Wickersham in the attachment bond. On the trial of the attachment, judgment went against Ronalds, and also against said constable, Duff, as garnishee, for the amount of money in his hands, which he had collected from Elliott, for Ronalds. An execution followed this attachment, and went into the hands of Sneed, the plaintiff in this suit, who collected the money from Duff, garnishee as aforesaid. Wickersham assigned the judgment on which this execution issued, to Elliot, and Elliot gave an order on said Sneed, and in favor of Peter Green, for twenty-five dollars, which Sneed paid accordingly to Green, in current bank paper. Afterwards Ronalds removed the judgment against himself and Duff upon said attachment, into the Circuit Court by *certiorari*, and reversed the judgment. Ronalds then brought his suit against Duff, constable as aforesaid, and recovered judgment for the money which Duff had paid over to Sneed, on the attachment execution, and collected the same. Duff then sued Sneed for the money that he had paid Sneed on the attachment execution, as garnishee of Ronalds, and recovered and collected the same. Whereupon Sneed now brings this suit to recover the money which he paid to Peter Green upon Elliott's order, as above stated, he, the said Sneed, having been compelled to pay the same back to Duff, constable and garnishee, as aforesaid.

From the above statement, which is submitted by the parties, as containing all the facts in the case, it is clear that Sneed, the plaintiff below, has mistaken the person against whom he has recourse. Wickersham received the fruits of the judgment on the attachment, and applied it to the extinguishment of a debt due from him to Elliot. The judgment being assigned to Elliot, did not create any more liability upon him, than was imposed upon Green, by the order given by Elliot to him, to receive the amount of the judgment from the constable. The benefit to Wickersham, and his liability is the same, as if the amount of

the judgment had been paid by the officer directly to him, and he had retained it, or had paid it to a third person in the ordinary course of business. In the latter case, it could not be contended that the individual receiving the money would be bound to see that the judgment was correct, or to enquire into the source from whence Wickersham obtained it. It may be proper to observe, that the execution upon Wickersham's judgment, should have been issued in his name, and not in the name of Elliot; and also that the judgments against the constables were erroneous; but as Sneed has paid the money that Wickersham was liable for in the first instance, to Ronalds, he is entitled to recover it, as money paid to the use of Wickersham.

The judgment of the Circuit Court is reversed with costs.

*Judgment reversed.*